## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDDIE TATE,<br><br>       Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA,<br><br>       Defendant. | Civil Action No.<br><br><br>**DEFENDANT'S NOTICE OF REMOVAL** |

To:    William T. Walsh, Clerk
        United States District Court, District of New Jersey
        M.L. King, Jr. Federal Bldg. & U.S. Courthouse
        50 Walnut Street
        Newark, New Jersey 07102

SIR:

      Pursuant to 28 U.S.C. §§1441 and 1446, and for the sole purpose of removing this matter to the United States District Court of the District of New Jersey, defendant Bank of America, N.A. ("Defendant" or the "Bank") (incorrectly referred to in the Complaint as Bank of America) states as follows:

### State Court Action

      1.     Plaintiff Eddie Tate ("Plaintiff" or "Tate") filed this action against the Bank in the Superior Court of New Jersey, Atlantic County, Docket No. ATL-L-2466-09.  A copy of the Complaint received by Defendant by hand on July 13, 2009, is attached as Exhibit A.  As far as Defendant is aware, these documents constitute all "process, pleadings and orders" in the state court action.

      2.     In this lawsuit, Plaintiff alleges that the Bank terminated him in violation of the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1 et seq. ("CEPA").

**Diversity Jurisdiction**

3.      This Court has subject matter jurisdiction in this case based upon diversity of citizenship.  See 28 U.S.C. § 1332.  Diversity jurisdiction exists in a civil matter when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. Id.; § 1332(a)(1).  Both of the requirements for subject matter jurisdiction based on diversity jurisdiction are met in this case.

a.  Citizens of Different States

4.      First, complete diversity of citizenship exists between Plaintiff and Defendant.

5.      At the time of filing of the Complaint and at the time of removal, Plaintiff purportedly was and is a resident of the state of New Jersey, having his permanent domicile in Galloway, New Jersey.  See Complaint, initial paragraph.

6.      Defendant Bank of America, N.A., is incorporated under the laws of the State of Delaware and has its principal place of business and main office in Charlotte, North Carolina. Thus, the federal district court has jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332.

b.  Amount in Controversy

7.      Second, the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.  In the Complaint, Plaintiff requests the following relief:  (1) compensatory damages, which under CEPA can include lost damages, benefits, and remuneration, as well as recovery for emotional distress; (2) punitive damages (which are also recoverable under CEPA without any "cap"); and (4) attorney's fees.  See Complaint ¶ 13;  N.J.S.A. 34:19-5.

8.     Based on Plaintiff's intention to seek the above-mentioned categories of damages, it is facially apparent that the amount in controversy exceeds the jurisdictional requirement of $75,000, exclusive of interest and costs.

9.     At the time of his  termination, plaintiff's annual salary was $63,000 per year. See Exh. B at ¶ 3 [Affidavit of Robert M. Frozynski, Senior Vice President, Project Manager II, Pay Services Delivery].  With an estimated trial date in this case of April 2010 – a period of 15 months after his March 2009 termination, Plaintiff's alleged back pay alone during that period would be approximately **$78,750**.  Additionally, Plaintiff received benefits valued at 26% of his annual salary, i.e. $16,695.  Exh. B at ¶ 4.  If *front pay* (i.e., lost wages from the date of trial into the future) is added to that sum at the rate of $63,000 per year, plaintiff's lost wage damages would easily exceed the $75,000 jurisdictional minimum.

10.     Moreover, compensatory damage awards in CEPA cases in New Jersey also indicate that the amount in controversy exceeds $75,000, especially when combined with the alleged lost wages.  Higgins v. Pascack Valley Hospital, 730 A.2d 327, 333-34 (N.J. 1999) (upholding CEPA award of $225,000 for lost wages and benefits and $45,000 for emotional distress); Stomel v. City of Camden, 2008 WL 5119772 (N.J. Super. Ct. Law Div. Nov. 20, 2008) ($535,000 jury award on CEPA retaliation claim); Jones v. Atlantic City Bd. of Education, 2006 WL 3392865 (N.J. Super. Ct. Law Div. Aug. 3, 2006) (jury verdict awarding plaintiff $1.55 million on CEPA claims); Plutarco Flores v. The Guardian Drug Co., 2003 WL 21703761 (N.J. Super. Ct. Law Div. May 28, 2003) (jury award of $750,000 for wrongful termination and retaliation claims under CEPA).

11.     When the possibility of punitive damages and attorneys' fees is included with alleged lost wages and alleged emotional distress, it is plainly apparent that the amount in

controversy here exceeds $75,000 exclusive of interest and costs. See Green v. Jersey City Board of Education, 828 A.2d 883, 892 (N.J. 2003) (upholding $300,000 punitive damage award); Higgins, 730 A.2d at 334 (upholding CEPA award of $200,816 in attorney's fees and $320,000 in punitive damages); Blue v. Janover Direct, Inc., 2009 WL 1199232 (N.J. Super. Ct. Law Div. March 3, 2009) ($600,000 punitive damages award on CEPA claim).

### Timeliness of Notice of Removal

12.     Defendant first received notice of this suit when it received the Summons and Complaint on July 13, 2009. Removal of this action has occurred within 30 days of such purported service and is, therefore, timely under 28 U.S.C. § 1446(b).

13.     Defendant has simultaneously notified the Superior Court of New Jersey, Atlantic County, of the removal of this action.

### Relief Requested

14.     For the foregoing reasons, Defendant requests that the United States District Court for the District of New Jersey assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

Respectfully submitted,

EDWARDS ANGELL PALMER & DODGE LLP
One Giralda Farms
Madison, New Jersey 07940
Ph. (973) 520-2300
Fax (973) 520-2600
Attorneys for Defendants

By: s/ Kenneth J. Cesta
        Kenneth J. Cesta

DATED: August 10, 2009

4

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of August, 2009, I filed the within Notice of Removal by ECF and served a copy of same by causing a copy to be sent via facsimile and overnight mail to the plaintiff's counsel as follows:

TO:     Louis M. Barbone
          JACOBS & BARBONE, P.A.
          Attorneys at Law
          1125 Pacific Avenue
          Atlantic City, New Jersey 08401
          (609) 348-1125

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements by me are willfully false, I am subject to punishment.

<u>s/ Kenneth J. Cesta</u>
Kenneth J. Cesta

# EXHIBIT A

# 10707

9:45 am

JACOBS & BARBONE, P.A.
A Professional Corporation
Attorneys at Law
1125 Pacific Avenue
Atlantic City, New Jersey 08401
(609) 348-1125
Attorneys for Plaintiff
jacobsbarbone@comcast.net

| | |
|---|---|
| EDDIE TATE,<br><br>      Plaintiff,<br><br>      v.<br><br>BANK OF AMERICA,<br><br>      Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – CIVIL PART<br>ATLANTIC COUNTY<br><br>DOCKET NO. ATL-L-2466-09<br><br>Civil Action<br><br>**SUMMONS** |

## From the State of New Jersey

To the Defendant(s) Named Above: BANK OF AMERICA

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live.  A list of these offices is provided.  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A list of these numbers is also provided.

*/S/ Jennifer M. Perez*
Clerk of the Superior Court

Dated:  7|8|09

**Name of Defendant to be served:**         **Bank of America**
**Address of Defendant to be served:**    **1501 Tilton Road**
                                                                    **Northfield, NJ 08225**

*ATLANTIC COUNTY:*

**Deputy Clerk of the Superior Court**
**Civil Division, Direct Filing**
**1201 Bacharach Boulevard, First Flr**
**Atlantic City, NJ 08401**

BERGEN COUNTY:
**Deputy Clerk of the Superior Court**
**Case Processing Section, Room 119**
**Justice Center, 10 Main Street**
**Hackensack, NJ 07601-0769**

BURLINGTON COUNTY:
**Deputy Clerk of the Superior Court**
**Central Processing Office**
**Attn: Judicial Intake**
**First Floor, Courts Facility**
**49 Rancocas Road**
**Mt. Holly, NJ 08060**

CAMDEN COUNTY:
**Deputy Clerk of the Superior Court**
**Civil Processing Office**
**1st Floor, Hall of Records**
**101 S. Fifth Street**
**Camden, NJ 08103**

CAPE MAY COUNTY:
**Deputy Clerk of the Superior Court**
**9 N. Main Street**
**Box DN-209**
**Cape May Court House, NJ 08210**

CUMBERLAND COUNTY
**Deputy Clerk of the Superior Court**
**Civil Case Management Office**
**Broad & Fayette Streets, P.O. Box 615**
**Bridgeton, NJ 08302**

ESSEX COUNTY:
**Deputy Clerk of the Superior Court**
**50 West Market Street**
**Room 131**
**Newark, NJ 07102**

*LAWYER REFERRAL*

(609) 345-3444
LEGAL SERVICES
(609) 348-4200

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(800) 496-4570

LAWYER REFERRAL
(856) 964-4520
LEGAL SERVICES
(856) 964-2010

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

LAWYER REFERRAL
(856) 692-6207
LEGAL SERVICES
(856) 451-0003

LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

GLOUCESTER COUNTY:
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Floor, Court House
1 North Broad Street, P.O. Box 750
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

HUDSON COUNTY:
Deputy Clerk of the Superior Court
Superior Court - Civil Records Dept.
Brennan Court House – 1st Floor
583 Newark Avenue
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

HUNTERDON COUNTY
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 263-6109
LEGAL SERVICES
(908) 782-7979

MERCER COUNTY
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

MIDDLESEX COUNTY
Deputy Clerk of the Superior Court
Administration Building
Third Floor
1 Kennedy Square, P.L. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

MONMOUTH COUNTY:
Deputy Clerk of the Superior Court
Court House, 71 Monument Park
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

MORRIS COUNTY
Deputy Clerk of the Superior Court
Civil Division
30 Schuyler Pl., P.O. Box 910
Morristown, NJ 07960-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

OCEAN COUNTY:
Deputy Clerk of the Superior Court
Court House, Room 119
118 Washington Street
Toms River, NJ 08754

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

PASSAIC COUNTY:
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

SALEM COUNTY
Deputy Clerk of the Superior Court
92 Market Street
P.O. Box 18
Salem, NJ  08079

LAWYER REFERRAL
(856) 678-8363
LEGAL SERVICES
(856) 451-0003

SOMERSET COUNTY:
Deputy Clerk of the Superior Court
Civil Division Office
New Court House, 3rd Floor
P.O. Box 3000
Somerville, NJ 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

SUSSEX COUNTY
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

UNION COUNTY
Deputy Clerk of the Superior Court
1st Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

7/13/09
9:45am

**WARREN COUNTY**
**Deputy Clerk of the Superior Court**
**Civil Division Office**
**Court House**
**413 Second Street**
**Belvidere, NJ 07823-1500**

**LAWYER REFERRAL**
**(908) 387-1835**
**LEGAL SERVICES**
**(908) 475-2010**

7/13/19
9:45 am

JACOBS & BARBONE, P.A.
A Professional Corporation
Attorneys at Law
1125 Pacific Avenue
Atlantic City, New Jersey 08401
(609) 348-1125
Attorneys for Plaintiff
jacobsbarbone@comcast.net

RECEIVED and
FILED

JUN 3 0 2009

ATLANTIC COUNTY
LAW DIVISION

| | |
|---|---|
| EDDIE TATE,<br><br>     Plaintiff,<br><br>     v.<br><br>BANK OF AMERICA,<br><br>     Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – CIVIL PART<br>ATLANTIC COUNTY<br><br>DOCKET NO. ATL-L-2466-09<br><br>Civil Action<br><br>**COMPLAINT, JURY DEMAND AND<br>DESIGNATION OF TRIAL COUNSEL** |

Eddie G. Tate, residing at 60 Shawnee Place, Galloway, New Jersey

08205, Atlantic County, complaining against defendant, says as follows:

### COUNT I

1.     On January 4, 2005, plaintiff Eddie G. Tate, III commenced

employment with Defendant Bank of America. Plaintiff was hired as a Banking

Center Manager at the Virginia Avenue branch in Atlantic City. In 2007, plaintiff

was promoted to a position of Assistant Vice President and was given the

additional responsibility of managing the Chelsea Atlantic City branch.

2.     Defendant Bank of America is a publicly traded financial institution

offering personal banking services via multiple locations throughout Atlantic

County, New Jersey.

3.     Plaintiff performed exceptionally as a Vice President, earning superior

performance reviews from his immediate supervisor, JoBeth Mariello, and

*7/13/09*
*9:45 am*

becoming one of the most profitable Vice Presidents in his region. However, In November of 2007, Arnold Johnson replaced Ms. Mauriello as plaintiff's immediate supervisor.

4.      Plaintiff began to notice irregularities with employee attrition and customer relations shortly after Mr. Johnson became plaintiff's supervisor.

5.      Rochellee Jones, a bank teller under plaintiff's supervision who had consistently received negative performance reviews, informed plaintiff that she wished to resign from Bank of America and pursue gaming opportunities in Atlantic City. Ms. Jones immediately gave plaintiff one weeks' notice and authored a written letter of resignation which plaintiff forwarded to his new supervisor, Mr. Johnson. Plaintiff subsequently learned that Mr. Johnson had convinced Ms. Jones to retract her resignation and take a part-time position at another one of defendant's banking centers within Mr. Johnson's market. Shortly thereafter, Ms. Jones tried to resign again. Though Mr. Johnson again attempted to convince her to stay, he was unable to do so. Instead, Mr. Johnson inexplicably changed Ms. Jones employment status to "leave of absence".

6.      Shortly thereafter, Mubashir Zuberi, another employee under the supervision of plaintiff also tried to quit. Though Mr. Zuberi tendered his resignation in the second quarter of 2008, Mr. Arnold ordered plaintiff to delay the reporting of Mr. Zuberi's departure until after July 1, 2008 with the stated purpose of minimizing associate turnover for that quarter.

7.      Plaintiff subsequently realized that Mr. Johnson receives a bonus if he prevents a certain number of employees from quitting or otherwise leaving the employ of defendant Bank of America and therefore Mr. Johnson, in order to gain

a higher bonus for himself, was keeping individuals pre-textually employed and salaried with Bank of America who would have otherwise been terminated or voluntarily resigned. Plaintiff honestly and reasonably believed Mr. Johnson's actions violated multiple rules, regulations and laws, including, but not limited to, Theft by Deception in violation of N.J.S.A. 2C:20-4.

8.    In September of 2008, plaintiff hired Ronald Davis to work as a teller in the Chelsea Avenue branch. Mr. Davis informed plaintiff that he was quitting to join the Navy on September 15, 2008, after only one week of training with defendant. In fact, later that day, a Navy recruiter came into plaintiff's banking center and had plaintiff sign indoctrination papers so Mr. Davis could immediately depart for basic training. Ronald authored a letter of resignation and informed plaintiff that he had no intention of returning to work for defendant. Plaintiff informed Mr. Johnson of Mr. Davis's intentions. Mr. Johnson and plaintiff agreed that Mr. Ronald's resignation would be official as of October 3, 2008. Notwithstanding Mr. Johnson's representation, plaintiff learned that Mr. Davis's resignation was not accepted. Instead, he was given a military leave of absence to be effective October 2, 2008, despite the fact that Mr. Davis had only been employed for approximately two weeks and explicitly stated he had no intention of ever returning. Ultimately, Mr. Davis would continue receiving compensation and Mr. Johnson's associate turnover rate would not be negatively affected. Plaintiff honestly and reasonably believed Mr. Johnson's actions violated multiple rules, regulations and laws, including, but not limited to, Theft by Deception in violation of N.J.S.A. 2C:20-4.

7/13/09
9 45 am

9. In March of 2008, Bank of America initiated a new program wherein managers were encouraged to market four new business products to all personal banking accounts. The activation of these new business products resulted in bonuses for supervisors, including Mr. Johnson. After the program was announced, Mr. Johnson directed plaintiff and other branch managers to add these four new business products to all accounts without the request or consent of the account holders. Mr. Johnson also instructed the branch managers to terminate these accounts before 90 days had elapsed so the customers would not be charged for the services. Although plaintiff was one of the bank managers instructed by Mr. Johnson to add these business products without the customer's consent or request, plaintiff vehemently refused and instructed those under his command not to do so either. Thereafter, defendant was flooded with calls and complaints regarding the previously mentioned business products which customers did not want nor request. Plaintiff honestly and reasonably believed Mr. Johnson's actions violated multiple rules, regulations and laws, including, but not limited to, the Consumer Fraud Act in violation of N.J.S.A. 56:8-1 et seq., and Theft by Deception in violation of N.J.S.A. 2C:20-4.

10. Plaintiff did continually report, disclose, object to and refuse to participate in those activities, policies and practices of Arnold Johnson, his supervisor, to which he reasonably believed were in violation of law, rule and regulation promulgated pursuant to law, and which was fully incompatible with the clear mandate of public policy concerning the public health, safety and welfare, all of which are in strict and studious conformance with the activities of a conscientious employee, pursuant to N.J.S.A. 34:19-3.

11.     Plaintiff reasonably believed Mr. Johnson's conduct was illegal and made numerous reports to other branch managers within Atlantic County and to defendant's Advice and Counsel Department.

12.     Notwithstanding that plaintiff was quantitatively the highest producing bank manager for defendant Bank of America for all of Southern New Jersey for the last two years, Mr. Johnson thereafter relied on unreachable goals and pre-textual negative performance evaluations and a fabricated claim of market restructuring to retaliate against plaintiff for his conscientious reports of illegality by reducing plaintiff's salary by 10%, demoting plaintiff to a position at a smaller and less productive bank in February of 2009 and ultimately terminating plaintiff's employment with defendant Bank of America on March 4, 2009.

13.     WHEREFORE, plaintiff demands judgment against defendants jointly, severally and in the alternative pursuant to the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1, et seq., as follows:

a.     Compensatory damages;

b.     Punitive damages;

c.     Interest, attorney's fees and costs of suit; and

d.     Any other relief the Court deems equitable and just.

JACOBS & BARBONE, P.A.

Attorney for Plaintiff, Eddie Tate

By: _____

Louis M. Barbone

Date: May 27, 2009

*7/14/09*
*9:45 am*

## CERTIFICATION PURSUANT TO R. 4:5-1

Pursuant to R. 4:5-1, I hereby certify that to the best of my knowledge, information and belief, the matter in controversy is not the subject of any other action pending in any Court or arbitration proceedings, and no other action is contemplated. I know of no other parties that should be joined herein.

JACOBS & BARBONE, P.A.
Attorney for Plaintiff, Eddie Tate

By: _____
Louis M. Barbone

Date: May 27, 2009


## NOTICE OF DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Louis M. Barbone, Esquire of the firm of Jacobs & Barbone, P.A. is designated as counsel for plaintiff Eddie Tate.

JACOBS & BARBONE, P.A.
Attorney for Plaintiff, Eddie Tate

By: _____
Louis M. Barbone

Date: May 27, 2009

## JURY DEMAND PURSUANT TO R. 1:8-1(b) and R. 4:35-1

Plaintiff Eddie Tate hereby requests trial by jury as to all issues herein.

JACOBS & BARBONE, P.A.
Attorney for Plaintiff, Eddie Tate

By: _____
Louis M. Barbone

Date: May 27, 2009

Appendix XII-B1



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
**Pleading will be rejected for filing, under Rule 1:5-6(c),**
**if information above the black bar is not completed or**
**if attorney's signature is not affixed.**

**FOR USE BY CLERK'S OFFICE ONLY**

PAYMENT TYPE:  CK  CG  CA

CHG/CK NO.

AMOUNT:

OVERPAYMENT:

BATCH NUMBER:

ATTORNEY/PRO SE NAME
Louis M. Barbone, Esquire

TELEPHONE NUMBER
(609) 348-1125

COUNTY OF VENUE
Atlantic

FIRM NAME (If applicable)
Jacobs & Barbone, P.A.

DOCKET NUMBER (When available)
ATL-L-2466-09

OFFICE ADDRESS
1125 Pacific Avenue
Atlantic City, NJ  08401

DOCUMENT TYPE
Complaint

JURY DEMAND  ☒ YES  ☐ NO

NAME OF PARTY (e.g., John Doe, Plaintiff)
Eddie Tate, Plaintiff

CAPTION
Eddie Tate v. Bank of America

CASE TYPE NUMBER
(See reverse side for listing)
616

IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ☒ NO
IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES PENDING?  ☐ YES  ☒ NO

IF YES, LIST DOCKET NUMBERS

DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)?  ☐ YES  ☒ NO

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN
☐ NONE
☒ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?  ☒ YES  ☐ NO
IF YES, IS THAT RELATIONSHIP  ☒ EMPLOYER-EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain)  ☐ FAMILIAL  ☐ BUSINESS

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☒ YES  ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?  ☐ YES  ☒ NO
IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION:

WILL AN INTERPRETER BE NEEDED?  ☐ YES  ☒ NO
IF YES, FOR WHAT LANGUAGE:

ATTORNEY SIGNATURE

Revised 03/2009, CN 10517-English

page 1 of 2

 

**SIDE 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

---

## CASE TYPES (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**
| | |
|---|---|
| 151 | NAME CHANGE |
| 175 | FORFEITURE |
| 302 | TENANCY |
| 399 | REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction) |
| 502 | BOOK ACCOUNT (debt collection matters only) |
| 505 | OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS) |
| 506 | PIP COVERAGE |
| 510 | UM or UIM CLAIM |
| 511 | ACTION ON NEGOTIABLE INSTRUMENT |
| 512 | LEMON LAW |
| 801 | SUMMARY ACTION |
| 802 | OPEN PUBLIC RECORDS ACT (SUMMARY ACTION) |
| 999 | OTHER (Briefly describe nature of action) |

**Track II — 300 days' discovery**
| | |
|---|---|
| 305 | CONSTRUCTION |
| 509 | EMPLOYMENT (other than CEPA or LAD) |
| 599 | CONTRACT/COMMERCIAL TRANSACTION |
| 603 | AUTO NEGLIGENCE – PERSONAL INJURY |
| 605 | PERSONAL INJURY |
| 610 | AUTO NEGLIGENCE – PROPERTY DAMAGE |
| 699 | TORT – OTHER |

**Track III — 450 days' discovery**
| | |
|---|---|
| 005 | CIVIL RIGHTS |
| 301 | CONDEMNATION |
| 602 | ASSAULT AND BATTERY |
| 604 | MEDICAL MALPRACTICE |
| 606 | PRODUCT LIABILITY |
| 607 | PROFESSIONAL MALPRACTICE |
| 608 | TOXIC TORT |
| 609 | DEFAMATION |
| 616 | WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES |
| 617 | INVERSE CONDEMNATION |
| 618 | LAW AGAINST DISCRIMINATION (LAD) CASES |
| 620 | FALSE CLAIMS ACT |

**Track IV —– Active Case Management by Individual Judge / 450 days' discovery**
| | |
|---|---|
| 156 | ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION |
| 280 | ZELNORM |
| 303 | MT. LAUREL |
| 508 | COMPLEX COMMERCIAL |
| 513 | COMPLEX CONSTRUCTION |
| 514 | INSURANCE FRAUD |
| 701 | ACTIONS IN LIEU OF PREROGATIVE WRITS |

**Mass Tort (Track IV)**
| | | | |
|---|---|---|---|
| 248 | CIBA GEIGY | 278 | ZOMETA/AREDIA |
| 266 | HORMONE REPLACEMENT THERAPY (HRT) | 279 | GADOLINIUM |
| 271 | ACCUTANE | 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL |
| 272 | BEXTRA/CELEBREX | 282 | FOSAMAX |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 283 | DIGITEK |
| 275 | ORTHO EVRA | 284 | NUVARING |
| 276 | DEPO-PROVERA | 601 | ASBESTOS |
| 277 | MAHWAH TOXIC DUMP SITE | 619 | VIOXX |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."

Please check off each applicable category:

☐ Verbal Threshold          ☐ Putative Class Action          ☐ Title 59

---

EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

EDDIE TATE,

              Plaintiff,

vs.

BANK OF AMERICA,

              Defendant.

CIVIL ACTION NO.:

## DECLARATION OF ROBERT M. DROZYNSKI PURSUANT TO 28 U.S.C. § 1746

1.      My name is Robert M. Drozynski.  I am fully competent to make this declaration and have personal knowledge of the facts set forth herein.

2.      I am currently employed by Bank of America, N.A. ("the Bank") as a Senior Vice President, Project Manager II, Pay Services Delivery.

3.      Plaintiff Eddie Glenn Tate ("Tate") was terminated by the Bank on or about March 20, 2009, at which time he was earning an annual salary of $63,000.  Attached hereto as Exhibit A is a true and accurate copy of a relevant excerpt from Tate's Compensation History printout.

4.      Additionally, Mr. Tate received benefits valued at 26.5% of his annual salary, i.e., $16,695.  Such benefits included payroll taxes paid on his behalf, 401(k) matching, pension contributions, and medical, dental and disability insurance.

5.      I declare under penalty of perjury that the foregoing is true and correct.


Executed on August _5_ , 2009

                                          _Robt M _____
                                          Robert M. Drozynski

Employment Information (Cartridge View)

**Effective Date: Jul-24-2009**          **Person Number: 23585933**          Tate III, Eddie G

### Compensation Profile

| | |
|---|---|
| Person Type: Ex-employee | Assignment Start Date: MAR-21-2009 |
| Status: Terminate Assignment | Employment Category: Fulltime-Regular |
| Primary State: NJ | |

### Compensation Organization

| | |
|---|---|
| Company/Cost Center Code: 00035-0220779 | Manager Person Number: 28242579 |
| Company/Cost Center Name: 00035-0220779-CORPSEV RELATED-SEV EXP | Manager Name: Arnold R Johnson |
| LOB Code: 574872 | Work Location Code: NJ7148 |
| LOB Name: 574872-GLOBAL CORPORATE PLANNING AND STRATEGY | Work Location Name: 1501 Tilton Road |
| Sub LOB Code: 574875 | Org Manager Person Number: 10234754 |
| Sub LOB Name: 574875-CORPORATE PLANNING AND STRATEGY | Pay Co Code/Name: 94-1687665/Bank of America National Association |
| Group Code: BM | Personnel Manager: Select Last Active Assignment |
| Group Name: BM-SEVERANCE FTE | Org Manager Name: Gregory L Curl |
| Division Code: 574862 | Personnel Manager Person Number: 23538838 |
| Division Name: 574862-CORPORATE PLANNING AND STRATEGY | Sub Division Code: 574864 |
| Finance Manager: Paul B Warren | Sub Division Name: 574864-CONSOLIDATED PLANNING CONTROL |
| Finance Manager Person Number: 10447973 | 10 Dot Finance Hierarchy Code: BMS....U1 |
| Team Lead : | Hub City Flag: N |
| Team Lead Person Number: | |

### Compensation Job

| | |
|---|---|
| FLSA Status: EX | Salary Basis: Annual |
| Job Title: Banking Center Manager II | Salary Basis - Annual: 63000.00 |
| Geo Tier: RM002.US3 | Salary Basis - Bi-Weekly: 2423.08 |
| Job Code: RM002 | Salary Basis - Hourly: 30.29 |
| Time Card Required: N | |

Important Legal Information Copyright © 1998-2009 FMR Corp   All rights reserved.
Version: PKG_WEB_200907_05112009_1301 (FEBPRCWP102WIN)

https://hrprworkplaceservices100.fidelity.com/atWork/eWorkPlace/employmentinfo/CartridgeView.asp?SMContext=Xfb71AmWp2lWfz23lTJi2ZVguVNdb-lkr.w8ySnum3...   7/24/2009

A